UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUSSELL IVORY,

    Plaintiff,

vs.                                                     Case No. 3:06-cv-825-J-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. 406(b) (Doc. 19) filed July 24, 2008. According to Plaintiff, the Commissioner does not oppose the proposed fee. (Doc. 19, ¶11).

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of benefits for his client in this social security appeal (see Doc. 12, Final Order reversing and remanding case to Commissioner), received an award of EAJA fees in the amount of $1,845.00 for his 12 hours of work in federal court on this case. (See Doc. 15 Order on Application for Attorney's Fees). Upon remand, the Commissioner issued a decision favorable to Plaintiff and awarded Plaintiff over $40,000.00 in past-due social security disability insurance benefits. (Doc. 19, ¶5). Pursuant to 42 U.S.C. §406(b), the Commissioner normally sets aside approximately 25% of a plaintiff's past-due benefits award in escrow for the possible payment of attorney's fees. In this case, the Commissioner did just that, setting aside $10,841.50. (Doc. 19, ¶5, Ex. B). Counsel for

Plaintiff also has a petition to award attorney's fees pursuant to 42 U.S.C. §406(b) pending before the ALJ for work performed before the SSA.[1]  (Doc. 19, ¶6).  Pursuant to the contingent Fee Agreement entered into by Plaintiff and his attorney, Plaintiff's counsel now seeks a fee of $7,191.50 from the award of 25% of the past-due benefits.  (See executed fee agreement, Doc. 19, pp. 6-7).  Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted).

"Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Court recognized as the most common fee arrangement in social security cases. Id. at 800.  In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. Id. at 808.  Other key considerations include the character of the representation and the results the representation achieved. Id.  For example, "[i]f the

---

[1] That petition seeks $3,650.00 for 18.25 hours of work.  (Doc. 19, p.2).

attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

The Court previously found Plaintiff's counsel reasonably expended 12 hours prosecuting this case. The Court has now reviewed the contingent fee contract and has considered the character of the representation and the results the representative achieved and finds that the contingent fee contract is reasonable in this case.[2] Plaintiff's counsel is therefore entitled to an award of 25% of the past due recovered ($10,841.50) less the $3,650.00 counsel will presumably be awarded pursuant to 42 U.S.C. § 406(a) for administrative work or $7,191.50. Plaintiff's counsel has already recovered $1,845.00 in EAJA fees in this case and to prevent "double-dipping" Plaintiff's counsel could refund the EAJA fee to Plaintiff upon receipt of the 406(b) award, or alternatively, that sum could be deducted from Plaintiff's counsel's recovery of any escrowed sum. In his brief, Plaintiff's counsel suggested the former method and as the Commissioner does not object, the Court will permit it. Accordingly, it is hereby

**ORDERED**:

Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. 406(b) (Doc. 19) is **GRANTED**. The Court finds that a reasonable attorney fee for Plaintiff's counsel, Erik W. Berger, for representation of Plaintiff in this Court is **$7,191.50** and the Commissioner is ordered to pay said sum to Erik W. Berger. The Clerk shall enter Judgment accordingly.

---

[2] The Court has also taken into account that the Commissioner has not objected to the instant fee request. Thus, this decision should not be viewed as precedent in a case where the rate is contested.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th   day of July, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record